# IN THE COURT OF APPEALS OF IOWA

No. 17-1695
Filed June 6, 2018

**IN THE INTEREST OF C.T.,**
**Minor Child,**

**R.N., Mother,**
    Petitioner-Appellee,

**J.T., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.

Father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 600A (2017). **AFFIRMED.**

Katherine Kaminsky Murphy of Kate Murphy Law, P.L.C., Glenwood, for appellant.

Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, for appellee.

Vicki R. Danley, Sidney, guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

In this private termination-of-parental-rights proceeding, Jeremiah, the father, appeals from an order terminating his parental rights in his son, C.T. (born 2006). The petition was filed by C.T.'s mother, Renee, and the district court granted the petition and terminated Jeremiah's rights pursuant to Iowa Code section 600A.8(3)(b) and (4) (2017). On appeal, Jeremiah challenges the sufficiency of the evidence supporting the statutory grounds authorizing the termination of his parental rights.

"Termination proceedings under Iowa Code chapter 600A are a two-step process. In the first step, the petitioner seeking termination must first show by clear and convincing evidence a threshold event has occurred that opens the door for potential termination of parental rights. Once that threshold showing has been made, the petitioner next must show, by clear and convincing evidence, termination of parental rights is in the best interest of the child." *In re Q.G.*, ___ N.W.2d ___, ___, 2018 WL 2071823, at *9 (Iowa 2018).

We review termination proceedings initiated pursuant to Iowa Code chapter 600A de novo. *See In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). It is the petitioner's burden to prove each element of the case by clear and convincing evidence. *See* Iowa Code § 600A.8. Clear and convincing evidence is a higher burden than a preponderance of the evidence but less than evidence beyond a reasonable doubt. *See In re M.S.*, 889 N.W.2d 675, 679 (Iowa Ct. App. 2016). "It is the highest evidentiary burden in civil cases. It means there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *Id.* "Although our review is de novo, we afford deference to the

district court for institutional and pragmatic reasons." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017). This means we give weight to the district court's findings of fact.

Where, as here, the district court terminated a parent's rights pursuant to more than one statutory provision, we will affirm the termination order if any ground is supported by sufficient evidence. We turn our attention to Iowa Code section 600A.8(4). Pursuant to this provision, the district court may terminate a parent's rights upon clear and convincing evidence the "parent has been ordered to contribute to the support of the child . . . and has failed to do so without good cause." Iowa Code § 600A.8(4). "If there has been a showing of a substantial failure to pay, the court must then consider whether that failure was without good cause. In considering whether there is good cause for failure to pay child support, the key factual issue is the parent's ability to pay. A parent's intent is clearly tied to an ability to pay." *See In re M.J.W.*, No. 17-0149, 2017 WL 2665957, at *3 (Iowa Ct. App. June 21, 2017).

Here, there is clear and convincing evidence Jeremiah failed to provide financial support for the child. The parties were married at one time but have since divorced. Jeremiah was ordered to pay child support in the amount of $170 per month. In a subsequent modification proceeding Jeremiah was again ordered to pay child support in the amount of $170 per month plus an additional $30 per month for back child support. Renee testified Jeremiah has not paid child support since June 2012. Her testimony was corroborated by payment records from the clerk of court. While Jeremiah testified he believed he may have paid additional support, he was not able to produce any evidence of payment.

Jeremiah contends his failure to support was for good cause. Specifically, he contends he thought he was paying and/or he was unable to pay. We disagree with the contention Jeremiah's failure to pay was for good cause. The record reflects Jeremiah now has four other children in addition to C.T. Jeremiah testified his wages were subject to an income withholding order to support his children. Jeremiah testified he believed, but never verified, some amount of the withheld wages was to provide support for C.T. Renee testified she told Jeremiah she was not receiving any support. Renee's testimony was credible. Despite Renee telling Jeremiah she was not receiving any child support for C.T., Jeremiah took no action. He did not contact the child support recovery unit to follow up on the issue and ensure some of his withheld wages were for the support of C.T. He did not make voluntary payments or offer to make voluntary payments to Renee. He simply chose to ignore his obligation to provide support for this child. That is insufficient to establish good cause. *See* Iowa Code § 600A.1 (providing a parent must "affirmatively assume the duties encompassed by the role of being a parent" including "fulfillment of financial obligations"); *see also In re R.K.B.*, 572 N.W.2d 600, 602 (Iowa 1998) ("[T]he legislature intended termination for nonsupport to occur where a parent's failure to pay manifests indifference to a child.")

Jeremiah does not challenge whether termination of his parental rights is in the best interest of the child. Nonetheless, we briefly address the issue. The supreme court recently articulated the best-interest standard:

Iowa Code section 600A.1 provides a lengthy description regarding application of the concept of "best interest of the child" in termination proceedings. The provision states the best interest of the child "shall be the paramount consideration" in interpreting the chapter. [Iowa Code] § 600A.1. Yet, the section further provides the

interests of the parents of the child "shall be given due consideration." *Id.*

The best interest of the child requires each parent "affirmatively assume the duties encompassed by the role of being a parent." *Id.* Among other things, the court is directed to consider "the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.*

In addition to applying the language of Iowa Code section 600A.1, we have also borrowed from Iowa Code section 232.116(2) and (3) to flesh out the best-interest-of-the-child test. *In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). We consider the child's "physical, mental, and emotional condition and needs" and the "closeness of the parent-child relationship." Iowa Code § 232.116(2)-(3).

The best-interest-of-the-child test plainly has both backward-looking and forward-looking components. We have cited with approval a discussion of the court of appeals, which stated,

> We look to the child's long-range, as well as immediate, interests. We consider what the future holds for the child if returned to his or her parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing. Our statutory termination provisions are preventative as well as remedial. They are designed to prevent probable harm to a child.

*R.K.B.*, 572 N.W.2d at 601 (quoting *In re C.M.W.*, 503 N.W.2d 874, 875 (Iowa Ct. App. 1993)).

*Q.G.*, 2018 WL 2071823, at *9–10.

Here, the termination of Jeremiah's parental rights is in the best interest of the child. Jeremiah has not provided financial support for the child since 2012. While Jeremiah had exercised visitation on a regular basis, his visitation with the child has become infrequent and sporadic due to Jeremiah's criminal conduct, incarceration, lack of employment, and homelessness. The visitations that did occur were not positive. By way of example, on one occasion, Jeremiah left C.T.

at his apartment unattended in the middle of the night. Jeremiah did so because he went to confront his ex-girlfriend and slash her tires. After Jeremiah was arrested, Jeremiah's ex-girlfriend told police C.T. may be "somewhere in the city" and they needed to locate the child. The police found C.T. locked in the bedroom of Jeremiah's apartment. This incident led to a founded report of child abuse or neglect for denial of critical care.

In contrast to Jeremiah's conduct, Renee can provide for the financial and emotional needs of the child. She has long-term gainful employment and financial security. She has remarried. C.T. has a seven-year bond with his step-father, Shain. Shain testified he wants to adopt C.T. We weigh these factors heavily in the best-interest determination. *See G.A.*, 826 N.W.2d at 131 (discussing the fact that "G.A.'s step-father provides for all of G.A.'s needs and has expressed a willingness to adopt the child pending the outcome of these proceedings").

For these reasons, we affirm the order terminating Jeremiah's parental rights.

**AFFIRMED.**